STOKER, Judge.
Defendant appeals from his convictions by a six-person jury on three counts of negligent homicide for which he received sentences of five years in the custody of the Department of Corrections on each count to be served consecutively. We affirm.
PACTS
The accident out of which this prosecution arose occurred during the early morning hours of May 18, 1982. Just before 5:00 a.m. defendant lost control of his car and struck and killed Dorothy Fontenot, Dorothy’s 13-year-old daughter, Donna Fontenot, and Dorothy’s 17-year-old brother, Chris Bolfa. Dorothy’s son, Tony Vid-rine, was a passenger in the car driven by defendant.
The evidence established that defendant, Tony Vidrine, and Dorothy Fontenot had been drinking heavily the night before the accident and continued to drink up until the time defendant and Tony left Dorothy’s house-trailer in defendant’s car. According to Tony, the two left the trailer to go to the home of a third person who could beat defendant at arm wrestling. Defendant claims Tony and Dorothy had a fight and he took Tony for a ride to cool him off.
After driving around for an undetermined amount of time, defendant attempted to return to Dorothy’s trailer. Defendant claims that Tony did not want to return and, after wrestling with him, grabbed the steering wheel causing the accident. Tony denies ever having grabbed the steering wheel. After the accident, defendant wandered away from the scene and was found just before 10:00 a.m. that same morning sitting under a shed about 200 yards from Dorothy’s trailer. Tests indicate that defendant had a blood alcohol level of .12 at 10:00 a.m. and Tony Vidrine had a level of .14. Dorothy had a blood alcohol level of .26 at the time she was killed.
In his brief on appeal, defendant makes the following assignments of error:
“(1) The road slip tests conducted by the expert were objected to because they failed to consider the fact that the roads were wet.
“(2) The court allowed the State to recall a witness who had made an error in his testimony. This witness’s testimony had confirmed that Tony Vidrine had admitted fighting for the wheel.”
ASSIGNMENT NUMBER ONE
In this assignment defendant argues that the testimony of the State’s expert in accident reconstruction and speed determination was in error because the expert failed to consider the road wetness in his test skids at the accident site. The expert testified the defendant’s car was traveling at approximately 98 m.p.h. at the time of the accident. Tony Vidrine claimed the ear was traveling 100 or 120 m.p.h. and defendant claims to have been going only 55 or 60 m.p.h.
*55 When questioned regarding road wetness on cross-examination, the expert testified that wetness would make the friction coefficient used in his skid tests different. In his brief defendant states, “Had this road wetness been considered, it would have changed drastically the estimated speed of the vehicle.” Even assuming that this contention by the defendant is correct, there is no evidence that the road was wet at the time of the accident. Defendant’s own testimony and the statement he gave to the police indicate that rain began while he was sitting under the shed after the accident.
The State’s expert was accepted by defendant in the field of accident reconstruction and speed determination without objection, and defendant introduced no evidence showing the test results were incorrect. On re-direct, the expert testified that there were no factors present on the roadbed which would create a variable in the formula he used to determine the speed of the ear. This assignment of error is without merit.
ASSIGNMENT NUMBER TWO
Defendant argues in this assignment that the trial court improperly allowed the State to impeach one of its own witnesses. The conflict arose regarding the testimony of Sgt. Larry Lejeune of the Louisiana State Police. The pertinent testimony concerned the defendant’s claim that Tony Yid-rine grabbed the steering wheel causing the accident.
Initially, on direct examination, Sgt. Le-jeune testified that Tony stated that he attempted to take the wheel of the car. Sgt. Lejeune says the statement was made at the courthouse late in the morning after the accident. On cross-examination, Sgt. Lejeune stated that both Tony and the defendant gave him the story about fighting for the wheel. After this testimony, Sgt. Lejeune was excused but was kept under subpoena.
Later in the trial the prosecution re-called Sgt. Lejeune to the stand to clarify his testimony regarding this matter. Defendant objected on the ground that the prosecution was attempting to impeach its own witness. The trial court allowed the testimony. When questioned again, Sgt. Lejeune testified that he had previously been mistaken regarding Tony’s statement. Sgt. Lejeune then stated that only the defendant said that Tony grabbed the wheel; Tony never made such a statement. We note that neither of the written statements by Tony and the defendant entered into evidence mention that Tony grabbed the wheel.
We find that the additional testimony of Sgt. Lejeune was not impeachment, but was only an attempt by the prosecution to clarify a mistake in the witness’s testimony. Defendant had full opportunity to cross-examine Sgt. Lejeune on this point, and did so. Sgt. Lejeune’s admission of a previous mistake is a matter which concerns the weight to be given his testimony; it is not impeachment. See State v. Jackson, 362 So.2d 1082 (La.1978). The jury apparently did not accept the defense presented.
For the above reasons, defendant’s convictions are affirmed.
AFFIRMED.